Robert O'CONNOR, Plaintiff–
Appellant,

v.

Robert McARDLE, D.D.S., Individually, and Mohammed Ahmed, D.D.S., Individually, Defendants–Appellees.

No. 06–1355–cv.

United States Court of Appeals, Second Circuit.

Feb. 22, 2007.

Lanny E. Walter, Walter, Thayer & Mishler, P.C., Albany, NY, for Appellant.

Martin A. Hotvet, Assistant Solicitor General, (Eliot Spitzer, Attorney General of the State of New York, Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Robert O'Connor, an inmate in the custody of the New York State Department of Correctional Services, appeals from a judgment of the District Court entered February 22, 2006, granting summary judgment in favor of defendants-appellees and dismissing plaintiff's claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* the District Court's grant of summary judgment, and we draw all ambiguities and reasonable inferences in plaintiff's favor. *Harrison v. Barkley,* 219 F.3d 132, 136 (2d Cir.2000). Plaintiff alleges that defendants acted with "deliberate indifference to [his] serious medical needs" in violation of the Eighth and Fourteenth amendments, *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), by failing to provide him with a replacement fixed bridge, either at the State's or his own expense. To establish an Eighth Amendment claim arising out of inadequate medical care, a plaintiff must prove (1) that he suffered from an objectively serious medical condition, *see*

*Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998), and (2) that the defendant acted with a subjectively culpable state of mind, "know[ing] of and disregard[ing] an excessive risk to inmate health or safety," *id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

We agree with the District Court that, even if plaintiff could show that his requests for a replacement bridge had been prompted by a serious medical condition, he has not adduced evidence sufficient for a reasonable jury to find that defendants were deliberately indifferent to that condition. This case does not involve "(1) a flat refusal of medical treatment for a condition that if left untreated is serious and painful; or (2) a conditional refusal of such treatment, subject to [plaintiff's] consent to undergo an unwanted medical procedure." *Harrison,* 219 F.3d at 137. Rather, as the District Court pointed out, when Dr. Ahmed discovered that plaintiff's existing bridge wiggled slightly due to caries on plaintiff's number 7 tooth, defendants offered to cut the crown on that tooth from the bridge, extract the tooth, and replace it with a removable partial denture. Although "[i]n certain instances, a physician may be deliberately indifferent if he or she consciously chooses 'an easier and less efficacious' treatment plan" than otherwise available, *Chance,* 143 F.3d at 703 (quoting *Williams v. Vincent,* 508 F.2d 541, 544 (2d Cir.1974)), failure to provide the more efficacious treatment—even where, as here, a doctor recommends the treatment at plaintiff's insistence—does not, without more,

rise to the level of deliberate indifference, *cf. Johnson v. Wright,* 412 F.3d 398, 400 (2d Cir.2005) (vacating grant of summary judgment on Eighth Amendment claim, where "defendants reflexively applied DOCS policy in the face of the *unanimous, express, and repeated—but contrary—recommendations* of plaintiff's treating physicians, including prison physicians" (emphasis added)); *Chance,* 143 F.3d at 700, 704 (reversing dismissal of Eighth Amendment claim under Fed.R.Civ.P. 12(b)(6), where plaintiff alleged that defendants recommended extraction of teeth, rather than less invasive procedures, *based on personal monetary gain*); *Williams,* 508 F.2d at 543–44 (reversing dismissal of Eighth Amendment claim for failure to state a cause of action, where prison doctors sewed up the stump of plaintiff's severed ear, rather than trying to reattach it, *after telling plaintiff "he did not need his ear" and throwing the severed ear away in front of him*).

We have considered all of plaintiff's arguments and find them to be without merit. The District Court's judgment is **AFFIRMED.**